IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **NESHON AUSTIN,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**RECOVER-CARE HEALTHCARE, LLC,**<br><br>   **Defendant.** | Case No. 23-4037-DDC-RES |

**MEMORANDUM AND ORDER**

Plaintiff Neshon Austin sued defendant Recover-Care Healthcare, LLC for breach of contract.[1] *See* Doc. 5 at 4–5 (Am. Compl. ¶¶ 24–31). Defendant has filed a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c). Doc. 12. In it, defendant argues that it never entered a contract with plaintiff, and it never had a relationship with plaintiff or her business. *Id.* at 3–4. In short, defendant argues, plaintiff "named the wrong party." *Id.* at 5. Defendant attached four exhibits to its motion, including two affidavits (Docs. 12-2, 12-5), a notice of assignment (Doc. 12-3), and an invoice (Doc. 12-4). Plaintiff responded to the motion (Doc. 18) and attached 18 exhibits to her response. Defendant replied (Doc. 20) and attached another affidavit to its Reply (Doc. 20-1).

Defendant's Reply asserts that "[t]he only issue this Court needs to resolve is whether there is an agreement or contractual relationship between" plaintiff and defendant. Doc. 20 at 1. Maybe, that's true. But if the court considers what the parties have filed to answer this question,

---

[1]  The court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. *See* Doc. 19.

it's not resolving the case *on the pleadings*. And the court may not consider these affidavits or other attached documents without converting this motion to one for summary judgment.

Rule 12(d) instructs the court to treat a Rule 12(c) motion "as one for summary judgment under Rule 56" if on that motion "matters outside the pleadings are presented to and not excluded by the court[.]" Fed. R. Civ. P. 12(d); *see also Woodie v. Berkshire Hathaway Homestate Ins.*, 806 F. App'x 658, 664–65 (10th Cir. 2020) ("When outside materials are not excluded by the court, failing to convert a 12(c) motion 'is reversible error unless the dismissal can be justified without considering the outside materials.'" (quoting *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997))).

Defendant's motion (Doc. 12) and the parties' subsequent briefing (Docs. 18, 20) include "matters outside the pleadings." Because defendant has submitted materials outside the pleadings, the court hereby notifies the parties that it will treat defendant's Motion for Judgment on the Pleadings as one seeking summary judgment under Fed. R. Civ. P. 56. But before converting the motion in this fashion, the court must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (explaining that a court must "giv[e] proper notice to the parties" when it converts Rule 12(b)(6) motion to summary judgment motion). Thus, the court allows the parties to support their positions on the now converted summary judgment motion.

This Order provides the required notice. In addition, if either party wishes to submit additional materials to support its position, it must submit that material **no later than Friday, July 14, 2023.** By establishing this deadline, the court does not suggest additional materials are

necessary. But out of caution, the court establishes this deadline to ensure that both plaintiff and defendant know when the court will deem the motion as one ripe for decision.

Separately, the court instructs defendant to provide notice of summary judgment to plaintiff—a pro se litigant—as required by our Local Rule 56.1. *See* D. Kan. Rule 56.1(d) ("Any represented party moving for summary judgment against a party proceeding pro se must serve and file as a separate document, together with the papers in support of the motion, the following 'Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment' with the full texts of Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 attached."). The court emphasizes that plaintiff must "present some evidence to support [her] allegations; mere allegations, without more, are insufficient to avoid summary judgment." *Lawmaster v. Ward*, 125 F.3d 1341, 1349 (10th Cir. 1997) (citation omitted). Even though plaintiff proceeds pro se in this action, she is not excused from the responsibility to present admissible evidence to support her claims and thereby avoid summary judgment. *See Brown v. Dorneker*, No. 06-3245-CM, 2008 WL 3334025, at *1 (D. Kan. Aug. 8, 2008) (a pro se plaintiff has "the burden of coming forward with evidence to support his claims as required by the Federal Rules of Civil Procedure and the local rules of this court. Even a pro se plaintiff must present some specific factual support for his allegations [to avoid summary judgment]" (citation and internal quotation marks omitted)). The court only may consider admissible evidence when ruling on a motion for summary judgment. *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006). Thus, to avoid summary judgment, the court cautions plaintiff that she must come forward with admissible evidence to rebut defendant's assertion that plaintiff has failed to establish a contractual relationship between the parties.

**IT IS SO ORDERED.**

**Dated this 27th day of June, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

4