## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**NESHON NICOLE AUSTIN,**

       **Plaintiff,**

v.

**RECOVER-CARE HEALTHCARE LLC,**

       **Defendant and Third-Party Plaintiff,**

v.

**GATEWAY COMMERCIAL FINANCE, LLC,**

       **Third-Party Defendant.**

**Case No. 23-4037-DDC-RES**

### MEMORANDUM AND ORDER

Pro se[1] plaintiff Neshon Nicole Austin sued defendant Recover-Care Healthcare, LLC for open account and breach of contract. After plaintiff didn't respond to defendant's request for admissions, defendant filed this Motion for Summary Judgment (Doc. 42). Plaintiff hasn't responded. The court grants defendant's motion (Doc. 42), as explained, below.

---

[1] Plaintiff proceeds pro se. The court construes her filings liberally and "hold[s] [them] to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110. And our Circuit "'has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

## I.     Relevant Procedural Law

Because it's central to the court's disposition of defendant's motion, the court starts with an explanation about the pertinent law.  This explanation focuses on two important procedural issues in this case:  (1) plaintiff's failure to respond to defendant's request for admissions and (2) plaintiff's failure to respond to defendant's Motion for Summary Judgment (Doc. 42).

### A.     Request for Admissions

Rule 36(a)(1) of the Federal Rules of Civil Procedure allows a party to "serve on any other party a written request to admit . . . the truth" of certain matters.  The rule specifies that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer[.]"  *Id.* 36(a)(3); *see also Bergemann v. United States*, 820 F.2d 1117, 1120 (10th Cir. 1987) ("Unanswered requests for admission are deemed admitted.").  As our court has explained, "while this result may be harsh, such a process is necessary to ensure 'the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure.  In addition, the harshness is tempered by the availability of the motion to withdraw admissions[.]'"  *W. Invs., Inc. v. Cont'l W. Ins. Co.*, No. 22-1083-JAR-RES, 2022 WL 4447427, at *3 (D. Kan. Sept. 23, 2022) (quoting *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987)).

Here, defendant served its request for admissions on plaintiff on April 16, 2024.  Doc. 31; Doc. 42-7 (showing service by email on plaintiff).[2]  Defendant's Motion for Summary Judgment

---

[2]     "A party completes service by 'sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing.'"  *Channon v. Tavanger*, 820 F. App'x 733, 739 (10th Cir. 2020) (quoting Fed. R. Civ. P. 5(b)(2)(E)).  In such a case, "service is complete upon . . . sending."  Fed. R. Civ. P. 5(b)(2)(E).  Plaintiff completed and signed a form for electronic notifications.  Doc. 3 at 1.  That form includes the following language:  "By registering, I consent to electronic service of all documents.  Documents will be sent to the email address provided above."  *Id.*  That sweeping language means that plaintiff consented in writing to service by

contends that plaintiff hadn't responded to its request for admissions by June 26, 2024, well beyond the 30-day deadline. Doc. 43 at 6. Because plaintiff failed to respond to defendant's request for admissions, the court deems the matters contained in defendant's request for admissions admitted. *See* Fed. R. Civ. P. 36(a)(3) (explaining that matters not responded to within 30 days are admitted). Plaintiff also hasn't filed a motion to withdraw those admissions. *See W. Invs., Inc.*, 2022 WL 4447427, at *3–4 (explaining that parties may withdraw admissions in certain circumstances). Indeed, plaintiff hasn't filed any papers on the docket for this action since June 30, 2023. *See* Doc. 24. So, the court treats the matters within defendant's request for admission as "conclusively established[.]" Fed. R. Civ. P. 36(b). Plaintiff's pro se status can't save her from this harsh result. *See Kay*, 500 F.3d at 1218 (explaining that pro se litigants must abide rules of procedure).

The court explains the effect of plaintiff's failure to respond to defendant's summary judgment motion, next.

## B.    Motion for Summary Judgment

When a party fails to respond to a motion for summary judgment "within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). In such a case, the court "should accept as true all material facts asserted and properly supported in the summary judgment motion." *Id.* Still, the court should grant the motion for summary judgment only if facts supported by the record entitle the movant to judgment as a matter of law. *Id.* at 1194–95. If the moving party fails to demonstrate "that no

---

email. So, service was completed on April 16, 2024, when defendant emailed plaintiff its request for admissions.

material issues of fact remain" and that it's "entitled to judgment as a matter of law[,]" then summary judgment isn't appropriate because no response "to an insufficient showing is required." *Id.* at 1195.[3]

Here, plaintiff didn't respond to defendant's Motion for Summary Judgment (Doc. 42) within the time allowed by local rules. *See* D. Kan. Rule 6.1(d)(1) ("Responses to such [dispositive] motions must be filed within 21 days after the motion is served."). In fact, plaintiff didn't respond to defendant's summary judgment motion at all. Plaintiff thus has waived her right to respond or controvert the facts asserted in it. *Reed*, 312 F.3d at 1195.

## II.        Background

Because plaintiff hasn't responded to defendant's summary judgment motion, the court first summarizes the allegations in plaintiff's Amended Complaint (Doc. 5) to give some context for defendant's uncontroverted summary judgment facts.

---

[3]        District courts also have "discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed*, 312 F.3d at 1195. "But dismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'" *Id.* (quoting *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988)). To dismiss claims as a sanction for failure to prosecute, district courts must "perform an explicit analysis of the *Meade* factors prior to dismissal." *Id.* (explaining that "the district court must consider:  (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." (citing *Hancock*, 857 F.2d at 1396)). Here, the court needn't conduct an analysis of the *Meade* factors because the court isn't entering judgment as a sanction against plaintiff. Instead, defendant is entitled to summary judgment. *See id.* at 1196 (explaining that district court may either grant summary judgment if appropriate under Rule 56 or enter judgment as a sanction after considering the *Meade* factors); *see also Mendez v. Brown*, 12 F. App'x 784, 786 (10th Cir. 2001) ("Although it may ultimately result in a grant of summary judgment, deeming facts admitted is not the same as imposing the harsh and conclusive sanction of an adverse judgment on the noncomplying party.").

### A.    Plaintiff's Complaint

Plaintiff Neshon Nicole Austin brings two state law claims against defendant.[4]  Count I is for open account.  Doc. 5 at 4 (Am. Compl. ¶¶ 24–27).  Count II is for breach of contract.  *Id.* at 4–5 (Am. Compl. ¶¶ 28–31).  The Amended Complaint alleges that plaintiff and defendant Recover-Care Healthcare LLC "entered a staffing contract . . . whereby [d]efendant agreed for [p]laintiff to supply healthcare personnel" at two facilities in Kansas.  *Id.* at 2 (Am. Compl. ¶ 8).  Plaintiff contends that defendant hasn't paid 37 invoices, resulting in a total outstanding balance of $71,693.61.  *Id.* at 3 (Am. Compl. ¶ 14).  And so, plaintiff alleges that defendant owes her $71,693.61 plus late fee interest of 1.5% per day.  *Id.* at 4 (Am. Compl. ¶ 23).

The court now turns to the facts that it can consider on this motion.

### B.    Summary Judgment Facts

The following facts are uncontroverted.[5]

Plaintiff's business, Quality Nurse Services, LLC (QNS), furnished staffing services for Cambridge Place Senior Living and Blue Valley Health and Rehabilitation Center in 2022 and 2023.  Doc. 43-2 at 1 (Req. for Admiss. ¶¶ 1–2).  Cambridge Blue Valley Senior Living, LLC (Cambridge)—a nonparty to this action—began operating Cambridge Place and Blue Valley in or around December 2022.  Doc. 43-3 at 1 (Halberstam Aff. ¶ 3).  And the damages claimed in this lawsuit all arise from invoices for staffing services that QNS claims to have provided to

---

[4]        Kansas law governs this action.  "The Court applies the forum state's choice-of-law rules to determine which state's substantive law governs a claim."  *Nordwald v. Brightlink Commc'ns, LLC*, 603 F. Supp. 3d 1030, 1040 (D. Kan. 2022) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).  So, the court applies Kansas's choice of law rules.  Because neither party has made a "clear showing that another state's law should apply[,]" the court applies Kansas substantive law.  *In re K.M.H.*, 169 P.3d 1025, 1032 (Kan. 2007).

[5]        Recall that plaintiff didn't respond to defendant's summary judgment motion and thus waived her right to controvert facts asserted in it.  *Reed*, 312 F.3d at 1195; *supra* § I.B.

Cambridge Place and Blue Valley between December 18, 2022, and March 3, 2023. Doc. 43-2 at 1–2 (Req. for Admiss. ¶¶ 3–4). But neither plaintiff nor QNS ever has entered into a contract with defendant Recover-Care Healthcare LLC. *Id.* at 2 (Req. for Admiss. ¶¶ 9–10).[6]

Also, QNS assigned all its accounts receivable to third-party defendant Gateway Commercial Finance, LLC in May 2021. *Id.* at 2 (Req. for Admiss. ¶¶ 10–11); Doc. 43-4 at 1 (Def. Ex. 3). The notice of assignment states: "This letter hereby authorizes and instructs you to remit all payments of all present and future invoices due to Quality Nursing Staff, LLC directly to [Gateway] and continue to do so until notified in writing only by Gateway[.]" Doc. 43-4 at 1 (Def. Ex. 3). Cambridge received this notice of assignment. Doc. 43-3 at 2 (Halberstam Aff. ¶¶ 7–8); Doc. 43-2 at 3 (Req. for Admiss. ¶ 14). Invoices sent to Cambridge also contained a disclaimer instructing that QNS had sold and assigned all invoices to Gateway and that invoices were payable only to Gateway. Doc. 43-3 at 2 (Halberstam Aff. ¶ 9); Doc. 43-5 at 1 (Def. Ex. 4). Finally, Gateway never revoked that assignment or otherwise directed payment of invoices to QNS or plaintiff. Doc. 43-2 at 3 (Req. for Admiss. ¶ 17).

---

[6]     As explained above, the court may treat matters within defendant's Request for Admissions (Doc. 43-2) as "conclusively established." Fed. R. Civ. P. 36(b). "Although Rule 36 allows for requests applying law to fact, one party cannot demand that the other party admit the truth of a legal conclusion." *W. Invs., Inc.*, 2022 WL 4447427, at *5; *see also* Fed. R. Civ. P. 36(a)(1)(A) (allowing requests to admit "facts, the application of law to fact, or opinions about either"). Whether a contract exists is a decision that requires "applying law to fact[.]" Fed. R. Civ. P. 36(a)(1)(A); *see also Sw. & Assocs. Inc. v. Steven Enters., LLC*, 88 P.3d 1246, 1249 (Kan. Ct. App. 2004) ("Whether a binding contract was entered into depends on the intention of the parties and is a question of fact." (citing *Reimer v. Waldinger Corp.*, 959 P.2d 914, 916 (1998)). Other courts also have concluded that a question about whether parties contracted with one another is appropriate under Rule 36. *Schwartz v. Levokove*, No. 20-CV-727-WQH-LL, 2022 WL 174018, at *3–4 (S.D. Cal. Jan. 18, 2022) (accepting admission that defendant "entered into a contract with" plaintiffs); *Aerospace Mfg., Inc. v. Clive Merch. Grp., LLC*, No. 05CV00597, 2007 WL 2712920, at *2 (M.D.N.C. Sept. 14, 2007) ("By failing to respond to [plaintiff's] Request for Admission concerning the making of the contract, [defendant] admits to the existence of a valid contract with [plaintiff][.]"). So, the court concludes here that it properly may consider plaintiff's admission that neither she nor her company entered into a contract with defendants.

### III.        Legal Standard

Summary judgment is appropriate where the moving party demonstrates there is "no genuine dispute" about "any material fact" and that the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This standard dictates that the court "view the evidence and make inferences in the light most favorable to the non-movant." *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010) (citing *Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1245–46 (10th Cir. 2010)).

"An issue of fact is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party' on the issue." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "An issue of fact is 'material' 'if under the substantive law it is essential to the proper disposition of the claim' or defense." *Id.* (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

The moving party bears "'both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law.'" *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quoting *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)). To carry this burden, the moving party "'need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim.'" *Id.* (quoting *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)). As the court explained above, even if the non-moving party fails to respond, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." *Reed*, 312 F.3d at 1194–95.

If the moving party satisfies its initial burden, the non-moving party "'may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial [on] those dispositive matters for which it carries the burden of proof.'" *Kannady*, 590 F.3d at 1169 (quoting *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 248–49. The specific "facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007) (citing *Adler*, 144 F.3d at 671). Affidavits and testimony "must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." *Tucker v. Faith Bible Chapel Int'l*, 36 F.4th 1021, 1030–31 (10th Cir. 2022) (quotation cleaned up).

Finally, since 1986, federal courts haven't viewed summary judgment as a "disfavored procedural shortcut." *Celotex*, 477 U.S. at 327. Instead, it represents an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* (quoting Fed. R. Civ. P. 1).[7]

## IV.     Analysis

The court grants summary judgment against each of plaintiff's claims. Plaintiff brought two claims in this action: open account and breach of contract. Doc. 5 at 4–5 (Am. Compl.

---

[7]     Earlier, defendant filed a Motion for Judgment on the Pleadings (Doc. 12). The court converted that motion to one seeking summary judgment because defendant submitted materials outside the pleadings. Doc. 21. The court then denied the converted motion. Doc. 26. So, defendant's present motion is a second motion for summary judgment. Our Circuit has held that "district courts have discretion to permit successive motions for summary judgment[.]" *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (10th Cir. 2010). The court is conscious of its duty to "weed out frivolous or simply repetitive motions." *Id.* (internal quotation omitted). Here, defendant's motion is neither frivolous nor simply repetitive. The court thus exercises its discretion to permit defendant's successive motion for summary judgment because it will "foster[] the 'just, speedy, and inexpensive' resolution of" this case. *Id.* (quoting Fed. R. Civ. P. 1).

¶¶ 24–31).  Based on the uncontroverted facts highlighted above, defendant is entitled to judgment as a matter of law for two independently sufficient reasons.  *First*, no contract existed between plaintiff and defendant—a necessary element for both of plaintiff's claims.  And *second*, plaintiff assigned away her rights to collect payment for the contested invoices, so she has no right to recover from defendant.

### A.  No Contract

Defendant is entitled to summary judgment against both of plaintiff's claims because plaintiff and defendant never entered into a contract.  Doc. 43-2 at 2 (Req. for Admiss. ¶¶ 9–10).  A contract is an essential element for open account and breach of contract.  Under Kansas law, an open account claim involves an "express or implied agreement of the parties concern[ing] a connected series of debit and credit entries . . . where the parties intend that the individual items of the account . . . be . . . a continuation of a related series, and that the account shall be kept open[.]"  *Spencer v. Sowers*, 234 P. 972, 973 (Kan. 1925); *see also Agesen v. Singletary*, 533 P.3d 322, 2023 WL 4987477, at *2 (Kan. Ct. App. 2023) (explaining that *Spencer*'s articulation "remains the working definition of an open account").  Likewise, the "existence of a contract between the parties" is an element of a breach of contract claim.  *Stechschulte v. Jennings*, 298 P.3d 1083, 1098 (Kan. 2013).  So, plaintiff's admission that defendant never contracted with her or her business dooms both her claims.  That is, plaintiff can't make either an open account claim or a breach of contract claim without some evidence of a contractual agreement between the parties.  And here, plaintiff has admitted that neither she nor her business ever formed a contract with defendant.  The court thus grants summary judgment to defendant.  The court could reach the same conclusion based on plaintiff's assignment of rights, as the court explains next.

B.      Assignment

Alternatively, the court grants summary judgment because it's undisputed: plaintiff has assigned her rights to payment to Gateway. Doc. 43-2 at 2–3 (Req. for Admiss. ¶¶ 10–11); Doc. 43-4 at 1 (Def. Ex. 3) (letter signed by plaintiff instructing all accounts payable managers "to remit all present and future invoices due to Quality Nursing Staff, LLC directly to GCF"). Because plaintiff assigned her rights to payment to another party, she forfeited any right to collect on the challenged invoices. Restatement (Second of Contracts) § 317(1) (Am. L. Inst. 1981) ("An assignment of a right is a manifestation of the assignor's intention to transfer it by virtue of which the assignor's right to performance by the obligor is *extinguished* in whole or in part and the assignee acquires a right to such performance." (emphasis added)); *see also JDN Dev. Co., Inc. v. Terra Venture, Inc.*, 265 F. Supp. 2d 1239, 1249 (D. Kan. 2003) (applying Kansas law and holding that party extinguished its contractual right by assigning it to another party). Both of plaintiff's claims thus fail as a matter of law because she has no right to collect payment for accounts receivable that she sold to a third party.

V.      Conclusion

Plaintiff didn't respond to defendant's request for admissions or defendant's summary judgment motion. The court thus treats matters within the request for admissions as conclusively established and considers defendant's statement of facts—which is supported by the record—as uncontroverted. Because those uncontroverted facts establish both that plaintiff never contracted with defendant and that she assigned her rights to collect payment on any invoices to a third party, plaintiff's claims fail as a matter of law. The court thus grants defendant's Motion for

Summary Judgment (Doc. 42). The court directs the Clerk to enter Judgment consistent with this Memorandum and Order and close this case.[8]

      **IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Summary Judgment (Doc. 42) is granted.

      **IT IS SO ORDERED.**

      **Dated this 9th day of January 2025, at Kansas City, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**

---

[8]     The court also dismisses defendant's Third-Party Complaint (Doc. 38). District courts have discretion to dismiss third-party claims after resolving the original action. *See Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) (explaining that because third-party complaints are often "in the nature of an indemnity or contribution claim[,]" "it is rare that a court renders judgment in favor of the defendant . . . but nonetheless chooses to address a third-party claim"). Here, The Third-Party Complaint is entirely dependent on plaintiff's claim. Doc. 38 at 5 (3rd Party Compl. ¶¶ 28, 29) (explaining that Third-Party Defendant may incur liability if "Recover-Care is somehow adjudged to be or becomes liable to Plaintiff for any damages alleged[.]"). So, exercising its discretion, the court dismisses the Third-Party Complaint (Doc. 38).